Glenn R. Kantor - SBN 122643
 E-mail: gkantor@kantorlaw.net
Corinne Chandler – SBN 111423
 E-mail: cchandler@kantorlaw.net
Andrew M. Kantor - SBN 303093
 E-mail: Akantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
Albert Andrews

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ANDREWS,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, SONY PICTURES ENTERTAINMENT INC. HEALTH AND WELFARE BENEFITS PLAN,<br><br>  Defendants. | CASE NO.<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff, Albert Andrews, herein sets forth the allegations of his Complaint against Defendants The Prudential Insurance Company of America and Sony Pictures Entertainment Inc. Health and Welfare Benefits Plan.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as a Defendant. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due him under his plan, prejudgment and postjudgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Sony Pictures Entertainment Inc., and was a resident of the County of Los Angeles, State of California.

3. Plaintiff is informed and believes that Defendant The Prudential Insurance Company of America ("Prudential") is a corporation with its principal place of business in the State of New Jersey, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. Prudential is the insurer of benefits under the Sony Pictures Entertainment Inc. Health and Welfare Benefits Plan (hereinafter "LTD Plan"), Policy Number DG-56600-CA, and acted in the capacity of the plan insurer and plan claims administrator. Policy Number DG-56600-CA was issued and/or renewed on or after January 1, 2012. Policy Number DG-56600-CA was issued with the intent to provide long term disability coverage to residents of the State of California.

4. Plaintiff is informed and believes that Defendant Sony Pictures Entertainment Inc. Health & Welfare Benefits Plan ("the LTD Plan") is an employee

welfare benefit plan regulated by ERISA, established by Sony Pictures Entertainment Inc. under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF
## AGAINST THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND SONY PICTURES ENTERTAINMENT INC. HEALTH AND WELFARE BENEFITS PLAN FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by Sony Pictures Entertainment, Inc. and was a covered participant under the terms and conditions of the LTD Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Prudential for LTD benefits under the LTD Plan. Prudential assigned Plaintiff claim number 11448070.

10. On October 14, 2015, Defendant denied Plaintiff's claim for LTD benefits. Plaintiff timely appealed the denial of his claim for LTD benefits. On April 4, 2016, Defendant erroneously and wrongfully upheld its decision to deny his claim. On October 5, 2016, Plaintiff again appealed the denial of his claim for LTD benefits. On December 7, 2016, Defendant again erroneously and wrongfully upheld its decision to deny Plaintiff's claim for benefits.

11. Defendants Prudential and the LTD Plan breached the Plan and violated ERISA in the following respects:

(a) They failed to pay LTD benefit payments to Plaintiff at a time when Prudential and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and Prudential had such knowledge, Prudential denied Plaintiff's LTD benefits;

(b) They failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the effective denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was effectively denied, Prudential failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(d) They concealed and withheld from Plaintiff the notice requirements Prudential and the LTD Plan were required to provide Plaintiff

pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

(e) They failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

12. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

13. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

14. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and Prudential, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

15. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

16. The wrongful conduct of the LTD Plan and Prudential has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

COMPLAINT

2. An order declaring that Plaintiff is entitled to an award of the underpaid LTD benefits, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: December 21, 2016                KANTOR & KANTOR, LLP

                                        By   /s/ Andrew M. Kantor
                                             Andrew M. Kantor
                                             Attorney for Plaintiff
                                             Albert Andrews